NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2975
_____

WEIGANG WANG, on behalf of themselves and all other persons similarly situated;
HAILONG YU, on behalf of themselves and all other persons similarly situated,
Appellants

v.

CHAPEI LLC, doing business as WOK EMPIRE; CHA LEE LO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-15-cv-02950)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2021
_____

Before:  AMBRO, HARDIMAN, and PHIPPS, *Circuit Judges*.

(Filed: June 10, 2021)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

This attorney's fees dispute arises out of the underpayment of wages to two cooks at a chain of Chinese fast-food restaurants in New Jersey. The six-year litigation, in which class certification was twice denied, culminated in a two-day bench trial that ended with very limited success for the cooks. Although the cooks sought over $180,000 in damages, the District Court dismissed their federal claims under the Fair Labor Standards Act. *See Wang v. Chapei LLC*, 2019 WL 3281617, at *7 (D.N.J. July 19, 2019). But through the exercise of supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), the District Court issued a judgment against the restaurant chain and its owner for the cooks' state-law claims under the New Jersey Wage and Hour Law. *See Wang v. Chapei LLC*, 2020 WL 468858, at *1, *11 (D.N.J. Jan. 29, 2020). Under that judgment, the cooks together received $6,601.27 ($6,266.15 to one, $335.12 to the other). Through a fee-shifting statute, New Jersey provides that prevailing plaintiffs in wage-and-hour cases "*may* recover . . . costs and *reasonable* attorney's fees as determined by the court." N.J. Stat. Ann. § 34:11-56a25 (emphases added). Under that provision, the cooks' attorneys sought a recovery nearly eighteenfold what the cooks together received: $118,659.33 for a total of 341.56 hours worked.

After identifying critical deficiencies in the fee petition, the District Court denied those fees. The attorneys timely appealed that final order, bringing it within this Court's appellate jurisdiction. *See* 28 U.S.C. § 1291. In reviewing the District Court's order for

an abuse of discretion, we will affirm. *See Smith v. Borough of Dunmore*, 633 F.3d 176, 183 (3d Cir. 2011).

The District Court analyzed the claim for fees through the 'lodestar' method. Under that approach, the amount of a fee award is the product of the hours an attorney spent on a case and the prevailing hourly rate. *See, e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Walker v. Giuffre*, 35 A.3d 1177, 1180 (N.J. 2012). Both the rate and the number of hours must be reasonable under the lodestar method. Here, the District Court found deficiencies in both variables. With respect to the hourly rates, the District Court determined that the attorneys did not substantiate the rates they claimed. The only evidence the attorneys provided was that another court had awarded them fees at that rate – after they had secured a default judgment for a federal-law claim with mandatory fees. *See Wang v. Chapei LLC*, 2020 WL 5500428, at *4 (D.N.J. Sept. 10, 2020) (citing *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, 2019 WL 6318341 (D.N.J. Nov. 25, 2019)). And that evidence supported only two of the six attorneys' rates. The District Court found that lone data point readily distinguishable and unpersuasive. The declaration that accompanied the fee petition referred more to the plaintiff in the prior default judgment case than to the actual plaintiffs in this case. Moreover, one of the attorneys had misstated his $350 hourly rate as $3550. The District Court also raised concerns about the second component of the lodestar calculation – the documentation of attorney time. Most troubling was that one of the attorneys failed to provide a detailed bill for his time.

3

The District Court was fully within its discretion to deny the requested fee award. Fee-shifting statutes can be abused by attorneys who over-litigate a case once they have confidence that their client will receive an award – no matter how small. And here, where the result was very limited success for the clients, and where the deficiencies identified by the District Court compromised a meaningful review of the claimed fees under the lodestar method, it was not an abuse of discretion to deny fees altogether. We will affirm.